**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DAMION VIVIAN REID,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK,[1]<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03241-TLP-atc |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Damion Vivian Reid, a noncitizen detained by U.S. Immigration and Customs Enforcement ("ICE"), petitioned pro se for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2.) The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 7.) Respondent responded. (ECF No. 9.) Petitioner did not reply.

Petitioner is a citizen of Jamaica who entered the United States in 2019 or 2020. (ECF No. 2 at PageID 7; ECF No. 9-1 at PageID 28; ECF No. 9-2 at PageID 34.) And he claims he has been detained "in ICE custody since January 21, 2026." (ECF No. 2 at PageID 3 (citation modified); *see also* ECF No. 9-4 at PageID 39.) His Petition challenges the legality of his detention without an individualized bond hearing. (ECF No. 2 at PageID 7.) So he requests that the Court order Respondent to release him. (*Id.* at PageID 8.)

Respondent counters that Petitioner has failed to exhaust his administrative remedies. (ECF No. 9 at PageID 23.) But more importantly here, Respondent also explains that Petitioner

[1] The Court respectfully **DIRECTS** the Clerk to list only "Christopher Bullock" as Respondent on the docket. The term "Respondent" in this Order refers only to "Christopher Bullock."

"will be lawfully detained under 8 U.S.C. § 1231" because he will be subject to a final order of removal. (*Id.* at PageID 26.) Indeed, Respondent claims that Petitioner is subject to a removal order entered on September 21, 2026, and that order becomes "final" thirty days later. (*Id.*) So Respondent urges the Court to conclude that section 1231 authorizes "detention beyond the initial 90-day removal period" and post-order custody is appropriate for now. (*Id.* at PageID 26–27; *see also Zadvydas v. Davis*, 533 U.S. 678. 683 (2001).)

The Court largely agrees with Respondent. It concludes that Petitioner's Order of Removal dated September 21, 2026, has become final because Petitioner did not "file an appeal" within the "time allotted." (*Compare* 8 C.F.R. § 1241.1(c), *with* ECF No. 9-5 at PageID 40–41.) Because the Order of Removal has "become final," Petitioner's detention is subject to 8 U.S.C. § 1231. *See* 8 C.F.R. § 1241.1(c); *Zadvydas*, 533 U.S. at 683 ("After entry of a final removal order and during the 90-day removal period . . . aliens must be held in custody."). Ninety days have not passed since September 21, 2026, and detention after then would remain "presumptively reasonable" for some time. *See Zadvydas*, 533 U.S. at 683, 701.

## **CONCLUSION**

The Court therefore **DENIES** the Petition without prejudice.

**SO ORDERED**, this 13th day of November, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE